No. 22-10312

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

       v.

ELIZABETH HOLMES,

   Defendant-Appellant.

_____

**UNITED STATES' OPPOSITION TO APPELLANT'S MOTION TO FILE AN OVERSIZED OPENING BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 18-CR-00258-EJD-1

_____

        **ISMAIL J. RAMSEY**
        United States Attorney

        **MATTHEW M. YELOVICH**
        Chief, Appellate Section, Criminal Division

        **KELLY I. VOLKAR**
        Assistant United States Attorney

        450 Golden Gate Ave., 11th Floor
        San Francisco, CA 94102
        (415) 436-7185

April 25, 2023        **Attorneys for Plaintiff-Appellee
                              UNITED STATES OF AMERICA**

The United States opposes Defendant-Appellant Elizabeth Holmes's request to file an opening brief that is more than 20% over the already-generous limits provided by this Court. Dkt. 27 [corrected] (requesting an additional 3,024 words beyond the 14,000-word limit provided by Ninth Circuit Rule 32-1(a)). "The Court disfavors motions to exceed the applicable page or type-volume limits" and such motions "will not be granted absent extraordinary and compelling circumstances." 9th Cir. R. 32-2(a) & adv. comm. note. Indeed, this Court "already provides more generous word limits than provided by [Federal Rules of Appellate Procedure] and most other Circuits." *Id.* "In almost all cases, the limits provided suffice even for multiple or complex issues" and overlength briefs "unnecessarily burden the Court." *Id.*[1]

Here, Holmes has failed to present extraordinary and compelling circumstances warranting an excessively large opening brief given that she appeals from a single-defendant criminal trial, raising standard trial evidentiary issues and

---

[1] *See, e.g., United States v. Hougen*, No. 21-10369, Dkt. 54 (Jan. 31, 2023) ("One judge dissented from the vote to grant the motion [to exceed type-volume limitation], reasoning as follows: Our rules impose a word limit for good reason, to ensure fairness between litigants and efficiency of our court. Consistent enforcement of our rules benefits our system and the litigants who use it. Here, appellant has provided no legitimate basis for increasing the word limit[.]"); *Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016) (Kozinski, J., dissenting) (lamenting trend of attorneys filing oversized briefs on due date as "dar[ing] [the Court] to bounce them[,]" which presents the unwelcome choice of "knock[ing] the briefing and argument schedule out of kilter" or else "allowing the brief to be filed and putting up with the additional unnecessary pages").

one sentencing issue. Dkts. 27, 31 [corrected].[2] In her motion, Holmes relies on the length of her trial, the number of exhibits admitted, the volume of pretrial rulings from the district court below, and the "number and complexity of issues presented" as reasons for her requested extension. Dkt. 27 at 1–2. It is true that her trial spanned four months, during which over 900 exhibits were admitted and 32 witnesses testified. Dkt. 27 at 1. But Holmes challenges only a small fraction of the district court's evidentiary rulings in her appeal. *See* Dkt. 31.

In her opening brief, Holmes challenges: (1) whether percipient testimony of one witness should have been prohibited as expert testimony and whether certain evidentiary rulings during that same witness's testimony were an abuse of discretion; (2) whether the district court erred in limiting cross-examination of a different witness after four days of cross-examination had already occurred; (3) whether the district court abused its discretion in excluding uncorroborated prior testimony of the absent co-defendant before another government agency; and (4) whether the district court employed the wrong evidentiary standard at sentencing. *See* Dkt. 31 at 3–4. In sum, Holmes challenges the testimony of two trial witnesses and essentially three evidentiary rulings of the district court, along with the sentence she received. If these claims are so complex as to qualify as

---

[2] CR refers to the district court clerk's record for No. 5:18-CR-00258-EJD-1, "Dkt." to this Court's docket, and ER to Appellant's Excerpts of Record (Dkt. 22 [corrected]).

"extraordinary or compelling," it is challenging to see how that term would not include, going forward, a significant share of appeals from criminal trials. On the contrary, these are the types of issues this Court routinely receives from single-defendant criminal trials and that, under the rules of this Court, routinely fit within the 14,000-word limit.

Similarly, the volume of pretrial rulings that Holmes included in her excerpts of record is not indicative of the core rulings this Court will need to review in order to decide her appeal on the merits. *Cf.* Dkt. 27 at 2. While Holmes points to the district court's comprehensive 100-page order on pretrial motions, she omits that the order was in response to more than 250 pages of motions *in limine* that Holmes herself filed, not including supporting materials and reply briefs or oppositions to the government's 25 pages of motions *in limine*. CR-560–587. Regardless of the length of the district court's order, it is telling that Holmes's appeal addresses only two issues she raised during her voluminous pretrial filings, accounting for approximately 10 pages of the district court's 100-page order. *Compare* 1-ER-205–09, 223–27, *with* Dkt. 31. This Court should not reward a party's manufactured complexity by ruling that engaging in extensive briefing practice in the district court will necessitate oversized briefing on appeal.

The Court's advisory committee notes explicitly state that even "multiple or complex issues" can be adequately addressed within the word limit. 9th Cir. R. 32-

3

2(a) & adv. comm. note. By contrast, here, Holmes even concedes that the standard of review for most of the issues she has raised on appeal is abuse of discretion. Dkt. 31 at 26. Indeed, the district court that oversaw this entire case—including her voluminous pretrial filings—recently deemed that the trial issues Holmes raises on appeal fell short of presenting a substantial question likely to result in a new trial because "[c]ontrary to her suggestion . . . , [ ] Holmes's misrepresentations to Theranos investors involved more than just whether Theranos technology worked as promised." 55-ER-15890 (internal quotation and alteration omitted); *see also* 55-ER-15890–94. Moreover, the court found one of the issues that Holmes raises on appeal to not raise a substantial question that is even "fairly debatable." 55-ER-15893–94.

 Holmes simply does not present extraordinary or compelling reasons to extend the Court's generous word limit even further. Therefore, the United States respectfully requests that the Court hold Holmes to the same standard it applies to other criminal defendants appealing from a single-defendant trial and deny her motion to file an oversized brief.

 //

 //

 //

 //

Dated: April 25, 2023     Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

MATTHEW M. YELOVICH
Chief, Appellate Section, Criminal Division

   /s/ Kelly I. Volkar
KELLY I. VOLKAR
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

5