No. 22-10312

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELIZABETH HOLMES,

Defendant-Appellant.

_____

**UNITED STATES' STATEMENT REGARDING APPELLANT'S MOTIONS TO FILE UNDER SEAL**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 18-CR-00258-EJD-1
_____

**ISMAIL J. RAMSEY**
United States Attorney

**MATTHEW M. YELOVICH**
Chief, Appellate Section, Criminal Division

**KELLY I. VOLKAR**
Assistant United States Attorney

450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7185

**Attorneys for Plaintiff-Appellee**
**UNITED STATES OF AMERICA**

April 26, 2023

Defendant-Appellant Elizabeth Holmes moves to file portions of her oversized opening brief, portions of her motion for bail pending appeal, and certain record documents under seal. Dkts. 29, 38 ("Motions to Seal").[1] The government takes no position on her requests for sealing.[2]

Nevertheless, in an effort to aid the Court given the Court's "strong presumption in favor of public access to documents" (9th Cir. R. 27-13), the government notes that the following documents or their substantive contents are publicly available elsewhere in the record:

---

[1] Holmes's Motion to Seal (Dkt. 29) did not address the separate set of documents filed pursuant to Ninth Circuit Rule 27-13(d) (*i.e.*, the presentence report, Holmes's sentencing memorandum below and accompanying documents, and the victim impact statement). Dkt. 30.

[2] Holmes did not ask the government for its position prior to filing either of her Motions to Seal. *Contra* 9th Cir. R. 27-1(2) & adv. comm. note (5). However, the government notes that most of the documents Holmes seeks to file under seal have no apparent relevance to resolving her appeal. For example, Holmes seeks to file under seal more than 300 pages of sealed trial transcript that have no connection to any issue she raises on appeal in her opening brief—indeed, she does not cite a single page from volume 57 nor from the relevant pages in volume 56. *Compare* 56-ER-16175–330, *and* 57-ER-16333–486, *with* Dkt. 31. While providing sealed portions of the trial transcript along with the entirety of the public trial transcript would not be unusual, Holmes's index indicates instead that there are other sealed portions of the trial transcript that she chose not to provide to the Court. *See* Dkt. 22-1 nn.3 & 4 [corrected].

- 56-ER-16141–58 (CR-886[3]) was made public with limited redactions by the district court at CR-887.

- 56-ER-16159–74 (CR-369) was made public with limited redactions by the district court at CR-977 per court order available at CR-965.

- 56-ER-16046–48 (also Exhibit 42 (Dkt. 37-13)) and 56-ER-16139–40 were made public by the district court's order available at CR-1446.[4]

- The rationale for sealing trial transcripts provided at 56-ER-16175–330 and 57-ER-16333–486 is available at CR-1151, CR-1451, and was also discussed during the trial at 25-ER-6850–53.

"[I]f the contents of documents originally sealed in the district court have subsequently been disclosed publicly, the Court will be disinclined to maintain the seal." 9th Cir. R. 27-13 & adv. comm. note.

---

[3] CR refers to the district court clerk's record for No. 5:18-CR-00258-EJD-1, "Dkt." to this Court's docket, and ER to Appellant's Excerpts of Record (Dkt. 22 [corrected]).

[4] The district court permitted the exhibit included at 56-ER-16049–139 (also Exhibit 37 (Dkt. 37-8)) to remain under seal in the same order. Notably, however, Holmes refers to the substance of one paragraph of that sealed exhibit in her opening brief (Dkt. 31 at 56–57, 60, 65) and motion for bail pending appeal (Dkt. 36 at 12, 14), the contents of which have been publicly referenced elsewhere during the trial. *See* 23-ER-6299; *see also* 23-ER-6312–14; CR-1405.

Dated: April 26, 2023    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

MATTHEW M. YELOVICH
Chief, Appellate Section, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

3