**No. 22-10312**

# In the United States Court of Appeals for the Ninth Circuit

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

ELIZABETH A. HOLMES,
*Defendant-Appellant.*

---

*ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(NO. 5:18-CR-00258)
(THE HONORABLE EDWARD J. DAVILA, J.)*

---

**REPLY IN SUPPORT OF
MOTION TO EXCEED THE TYPE-VOLUME LIMITATION**

---

JOHN D. CLINE
LAW OFFICE OF JOHN D. CLINE
  600 Stewart Street
  Suite 400
  Seattle, WA 98101
  (360) 320-6435

KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
  *Counsel of Record*
KATHERINE A. TREFZ
WILLIAMS & CONNOLLY LLP
  680 Maine Ave. S.W.
  Washington, D.C. 20024
  (202) 434-5000
  asaharia@wc.com

The government does not contest that appellant Elizabeth Holmes' four-month trial produced an unusually lengthy record—including a transcript spanning over 9000 pages and over 900 exhibits. Opp'n, Dkt. 35 at 2. Nor does the government contest that the excerpts of record total over 16,000 pages. *Id.* Notwithstanding this immense record on appeal, Ms. Holmes requested a modest 3024-word (22%) extension.

The government opposes the motion on the ground that the issues Ms. Holmes raises on appeal "are the types of issues this Court routinely receives from single-defendant criminal trials." Opp'n at 3. That misses the point. Not every defendant-appellant is tasked with distilling a four-month trial into arguments for reversible error.

The extraordinary volume of the record impacted the length of the opening brief in at least two ways. First, each of the issues Ms. Holmes raises in her brief has its own distinct and oftentimes lengthy factual and procedural history, sometimes scattered across multiple phases of the proceedings below and implicating multiple orders and decisions of the district court. As just one example, issues concerning the admission of the CMS report (which Ms. Holmes challenges on appeal, *see* Dkt. 31 at 41-44, 49) were litigated pre-trial, during the government's case-in-chief, at the close of the government's case-

1

in-chief, and again at the close of all evidence, and generated multiple rulings, both written and oral. *E.g.*, 12-ER-3351; 8-ER-2123; 37-ER-10715-18; 43-ER-12485; 33-ER-9422-27, 9477; 1-ER-168, 209. Without sufficient space in the brief to discuss the significance of these multiple portions of the record, Ms. Holmes will not be able to fully and fairly present her arguments to the Court.

Second, Ms. Holmes was required to discuss and explain significant portions of the lengthy record because of the government's anticipated harmlessness arguments. *See* Opp'n at 4. The government's opposition to this motion confirms that it will argue that the errors Ms. Holmes challenges on appeal were harmless in light of the record *as a whole*. *See, e.g.*, Opp'n at 4; *see also* 55-ER-15890-93 (district court ruling on release pending appeal finding certain errors to be harmless). Ms. Holmes, therefore, needed to devote significant space to discussing the enormous record in this case. Notably, the Ninth Circuit's Appellate Practice Guide encourages parties to include the *entire* trial transcript in the excerpts of record when harmlessness arguments are anticipated. *See* The Appellate Lawyers Representatives' Guide (2021), at 107.[1] That guidance reflects the fact that harmlessness

---

[1] *Available at* https://www.ca9.uscourts.gov/guides/appellate-practice-guide (last visited Apr. 29, 2023).

arguments by the government put the whole record at issue. The government's anticipated arguments in this case put the four-month trial at issue. The government's attempt to minimize the amount of the record implicated by Ms. Holmes' appeal is not credible.

The government cites no case in which this Court has denied a modest extension request like this one on a record of this extraordinary size. The only two cases it cites are ones where this Court *granted* motions to exceed the word limit; the government tellingly cites the dissents in those cases. *See* Opp'n at 1 n.1 (citing *Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016); *United States v. Hougen*, No. 21-10369, Dkt. 54 (Jan. 31, 2023)). This Court has previously granted a request for an extension nearly *double* the amount of Ms. Holmes' request on a record *half* the size of her appeal. *Yellowstone Womens First Step House, Inc. v. City of Costa Mesa*, No. 19-56410, Dkt. 34 (July 20, 2020); *see id.* Dkt. 25 (requesting permission to file 19,902-word opening brief with 8000-page excerpts of record).

Undersigned counsel takes seriously the necessity of conciseness, and has worked diligently to streamline the opening brief. But the size of the record under review and the complexity of the issues presented make it impossible to present those issues for this Court's review within the existing

3

word limit. Ms. Holmes respectfully requests a 3024-word extension of the word limit.

Dated: May 2, 2023

Respectfully submitted,

/s/ Amy Mason Saharia
Kevin M. Downey
Lance A. Wade
Amy Mason Saharia
  Counsel of Record
Katherine A. Trefz
Williams & Connolly LLP
  680 Maine Ave. S.W.
  Washington, D.C. 20024
  (202) 434-5000
  asaharia@wc.com

John D. Cline
Law Office of John D. Cline
  600 Stewart Street
  Suite 400
  Seattle, WA 98101
  (360) 320-6435

Counsel for Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2023 a copy of this filing was delivered via ECF on all counsel of record.

/s/ Amy Mason Saharia
KEVIN M. DOWNEY
LANCE A. WADE
AMY MASON SAHARIA
  *Counsel of Record*
KATHERINE A. TREFZ
WILLIAMS & CONNOLLY LLP
  *680 Maine Ave. S.W.*
  *Washington, D.C. 20024*
  *(202) 434-5000*
  *asaharia@wc.com*

JOHN D. CLINE
LAW OFFICE OF JOHN D. CLINE
  *600 Stewart Street*
  *Suite 400*
  *Seattle, WA 98101*
  *(360) 320-6435*

*Counsel for Defendant-Appellant*