No. 22-10312

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

      v.

ELIZABETH A. HOLMES,

  Defendant-Appellant.

───────────────────────────────

**UNITED STATES' MOTION TO FILE AN OVERSIZED BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
NO. 18-CR-00258-EJD-1

───────────────────────────────

**THOMAS A. COLTHURST**
Attorney for the United States
Acting Under Authority Conferred By
28 U.S.C. § 515

**MATTHEW M. YELOVICH**
Chief, Appellate Section, Criminal Division

**KELLY I. VOLKAR**
Assistant United States Attorney
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-7185

**Attorneys for Plaintiff-Appellee**
**UNITED STATES OF AMERICA**

August 17, 2023

Pursuant to Ninth Circuit Rule 32-2(a) and based on the accompanying declaration of Assistant United States Attorney Kelly I. Volkar, the United States respectfully requests permission to file an answering brief containing 17,940 words in total, exceeding the type-volume limit in Circuit Rule 32-1(a) by 3,940 words.

On April 17, 2023, Defendant-Appellant Elizabeth Holmes filed an oversized opening brief accompanied by three motions and 57 volumes of excerpts of record. Dkts. 22–31.[1] As Holmes explained in her motion to file an opening brief that exceeded the type-volume limit by 3,024 words, this appeal stems from a lengthy trial with an extensive record. Dkt. 27. Specifically, Holmes's trial spanned 46 trial days over four months, producing a transcript of 9,439 pages. *Id.* Over 900 exhibits were admitted at trial and 32 witnesses testified, including Holmes herself. *Id.* The government opposed.

The Court granted Holmes's motion to file an oversized brief, citing the "extraordinarily lengthy record" and "46-day trial[.]" Dkt. 47. The Court accepted Holmes's opening brief on May 15, 2023, with a total of 17,024 words. *Id.*

Given (1) the Court's order permitting Holmes to exceed the type-volume limit by more than 3,000 words, and (2) the need to develop harmlessness arguments, which require canvassing wider aspects of the trial record than the

---

[1] CR refers to the district court clerk's record for No. 5:18-CR-00258-EJD-1, and "Dkt." to this Court's docket.

individual claim of error might, the government seeks permission to similarly exceed the type-volume limit in order to respond to Holmes's overlength opening brief. Holmes anticipated such harmlessness arguments in her filings regarding oversized briefing. Dkt. 42. Instead of simply identifying an error and resulting prejudice, harmlessness requires a reviewing court to consider the trial record as a whole, not the alleged error in isolation. The government requests additional words to provide the Court with the full context as it occurred below to illuminate the harmlessness of the alleged errors Holmes asserts.

As stated in the declaration, the government has been diligent in attempting to use as few words as possible to respond adequately to the opening brief.

Holmes does not oppose the government's request.

Dated: August 17, 2023

Respectfully submitted,

THOMAS A. COLTHURST
Attorney for the United States
Acting Under Authority Conferred By
28 U.S.C. § 515

MATTHEW M. YELOVICH
Chief, Appellate Section, Criminal Division

　 */s/ Kelly I. Volkar*　
KELLY I. VOLKAR
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA

No. 22-10312

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

      v.

ELIZABETH A. HOLMES,

   Defendant-Appellant.

## **DECLARATION OF KELLY I. VOLKAR IN SUPPORT OF MOTION TO FILE OVERSIZED BRIEF**

I, Kelly I. Volkar, declare:

1.     I, Kelly I. Volkar, am an Assistant United States Attorney for the Northern District of California, and duly admitted to practice before this Court. I am the primary drafter of the government's answering brief in *United States v. Holmes*, No. 22-10312, as well as *United States v. Balwani*, No. 22-10338 (relating to Holmes's co-defendant Ramesh "Sunny" Balwani).

2.     Holmes's trial began with jury selection on August 31, 2021.  CR-993.  On January 3, 2022, the jury found Holmes guilty of wire fraud with respect to three specific investors and conspiracy to commit wire fraud from 2010 to 2015 relating to investors.  CR-1235.

3

3.	On November 18, 2022, the district court adopted a U.S. Sentencing Guidelines range of 135 to 168 months and sentenced Holmes to the low-end. CR-1660. Holmes filed a timely notice of appeal. CR-1670, 1720.

4.	The district court and this Court denied Holmes's motion for bail pending appeal. Dkt. 52; CR-1757.

5.	On April 17, 2023, Holmes filed a motion seeking to file an oversized opening brief. Dkt. 27. Holmes cited the length of her trial, number of exhibits, volume of pretrial rulings, and "number and complexity of issues presented" as reasons for her motion. Dkt. 27 at 1–2.

6.	The government opposed, citing the advisory committee notes to Circuit Rule 32-2(a), which state that this Court disfavors motions to exceed page and word limits. Dkt. 35.

7.	The Court granted Holmes's motion, stating that "[t]his case involves an extraordinarily lengthy record and a 46-day trial," justifying exceeding the normal word limitations. Dkt. 47.

8.	To respond effectively to Holmes's oversized brief, I need additional words in excess of the normal limits in Circuit Rule 32-1. There are two reasons for this request. First, I must respond to an opening brief that contained a number of issues articulated at greater length than a standard brief. In doing so, I must contend with the same underlying trial record the Court has already found to be

4

"extraordinarily lengthy[.]" Dkt. 47. Second, as Holmes anticipated in seeking her own requested extension (Dkt. 42), the government's brief engages in a harmlessness discussion to situate the evidentiary errors Holmes has alleged within the broader context of the overall trial evidence supporting the jury's verdict. Holmes's claims of error on appeal are almost entirely related to evidentiary decisions and, as Holmes acknowledged, harmlessness arguments in response must analyze "the record *as a whole*." Dkt. 42. I have strived to provide such an analysis for the Court in as concise a manner as possible. However,, my discussion of the same alleged evidentiary error and its harmlessness in light of the whole record is often lengthier, by necessity, than the corresponding claim of error in Holmes's brief.

9. Although I have worked diligently to keep the answering brief as concise as possible, I have been unable to stay within Circuit Rule 32-1's 14,000-word limit. The United States' brief, filed with this motion, is 17,940 words. I do not believe I can shorten it further while still responding effectively to the Holmes's claims on appeal in her oversized opening brief.

10. On August 17, 2023, counsel for Holmes indicated that Holmes does not oppose the United States' motion.

//

5

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on August 17, 2023, in Oakland, California.

/s/ *Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney