Nos. 22-10312, 22-10338, 23-1040, 23-1166, 23-1167

In The
# United States Court of Appeals for the Ninth Circuit

United States of America,

*Plaintiff-Appellee*,

v.

Elizabeth A. Holmes and Ramesh "Sunny" Balwani,

*Defendants-Appellants*.

On Appeal from United States District Court
for the Northern District of California
Nos. 5:18-cr-00258-EJD-1 and -2, Hon. Edward J. Davila

### APPELLANTS' JOINT MOTION
### TO REVISE ORAL ARGUMENT SCHEDULE

| | |
|---|---|
| Amy Mason Saharia | Jeffrey B. Coopersmith |
| Williams & Connolly LLP | Corr Cronin LLP |
| 680 Maine Avenue SW | 1015 Second Avenue, Fl. 10 |
| Washington, DC 20024 | Seattle, WA 98104 |
| (202) 434-5000 | (206) 501-3530 |
| asaharia@wc.com | jcoopersmith@corrcronin.com |
| | |
| *Counsel for Appellant Holmes* | *Counsel for Appellant Balwani* |

On March 31, 2024, the Court notified the parties to these three appeals that it has scheduled oral argument for June 11, 2024. The Court's current argument calendar indicates—and the Clerk's Office confirmed by telephone—that it intends to hear the appeals in a single argument, with 30 minutes allocated to the two Defendants jointly, 30 minutes allocated to the government, and rebuttal for the time reserved by the Defendants.

Because these appeals arise from separate trials, each of which yielded its own sprawling record evidence and distinct, complex appellate issues, the Defendants jointly move to revise the argument schedule. The Defendants respectfully request that the Court conduct the argument in three parts, corresponding to the three distinct sets of briefs and arguments before the Court. The Defendants also respectfully request that the Court grant additional time to each of the parties for presenting their arguments. Undersigned counsel has conferred with counsel for the government, and was informed that the government takes no position as to the relief sought in this motion.

If the Court grants this motion, the arguments would be structured as follows:

| Case No(s). | Case Name | Min. Time / Side |
|---|---|---|
| 22-10312 | United States v. Holmes (conviction and sentence appeal) | 20 min. |
| 22-10338 | United States v. Balwani (conviction and sentence appeal) | 20 min. |
| 23-1040, 23-1166, 23-1167 | United States v. Holmes and Balwani (consolidated restitution appeal) | 10 min. |

# BACKGROUND[1]

**1.** Although the Defendants in these appeals were charged together, the district court held separate trials. Ms. Holmes' trial spanned 46 trial days over four months. The jury saw over 900 trial exhibits and heard from 32 witnesses across more than 9,000 transcript pages. Roughly two months later, a second jury was seated for Mr. Balwani's trial, which was similarly expansive: It, too, lasted four months, with 26 witnesses and over 7,000 transcript pages. Together, their docket in the district court contains nearly 1,800 docket entries. And these numbers do not do justice to the true complexity of the trials, which dealt with challenging and specialized fields including blood-testing science and technology, laboratory processes and inspections, and start-up investing.

---

[1] Pursuant to Circuit Rule 27-8.1, we note that both defendants are currently incarcerated. Ms. Holmes' projected release date is August 16, 2032. Mr. Balwani's projected release date is November 22, 2033.

Critically, the parties did not just conduct the same trial twice. For example, a dozen unique witnesses testified at Ms. Holmes' trial but not Mr. Balwani's, and six unique witnesses testified at Mr. Balwani's. A number of these unique witnesses are central to Ms. Holmes' and Mr. Balwani's arguments on appeal. Ms. Holmes testified in the defense case; Mr. Balwani did not. And the trial outcomes were different, too: Mr. Balwani was convicted on all charges, whereas the Holmes jury convicted on some charges, acquitted on some, and hung on others. Ms. Holmes was convicted only of defrauding investors; Mr. Balwani's convictions include defrauding patients, as well.

**2.** The Defendants filed five notices of appeal, three of which were consolidated—yielding, in substance, three appeals each with its own set of briefs: Ms. Holmes' merits appeal from her conviction and sentence (No. 22-10312), Mr. Balwani's merits appeal from the same (No. 22-10338), and the Defendants' consolidated appeal from the district court's restitution order, which postdated the court's entries of judgment of conviction in each case (Nos. 23-1040, 23-1166, 23-1167).[2]

These three appeals raise distinct errors by the district court concerning different witnesses and evidence:

---

[2] For ease of reference, we refer to the Defendants' appeals from their convictions and sentences as their merits appeals.

3

- Ms. Holmes' merits appeal concerns (1) the inadmissibility of certain evidence, much of which was unique to Ms. Holmes' trial; (2) the erroneous restriction of Ms. Holmes' cross-examination of the government's star witness; (3) the court's exclusion of statements by Mr. Balwani; and (4) the court's loss causation and number of victims findings at sentencing.
- Mr. Balwani's merits appeal concerns (1) the improper constructive amendment of the indictment; (2) the inadmissibility of certain specialized testimony, some of it unique to Mr. Balwani's trial; (3) the government's failure to correct false testimony; and (4) the court's loss causation and number of victims findings at sentencing.
- The consolidated restitution appeal concerns the district court's erroneous valuation methodology in its restitution calculation.

Even where there are surface similarities, some of those similarities fade away upon closer inspection. For instance, both Defendants rely on Federal Rule of Evidence 702 in challenging their convictions, but Ms. Holmes' Rule 702 argument concerns a witness (Kingshuk Das) who did not testify at the Balwani trial. Similarly, one of the witnesses at issue in Mr. Balwani's Rule 702 argument (Mark Pandori) did not testify at the Holmes trial. There are only two areas of genuine overlap: First, the district court's sentencing-related findings and,

4

second, the erroneous restitution order, which is the subject of joint briefing in the consolidated appeal and will be argued jointly by one attorney.

## DISCUSSION

The Defendants move the Court to revise the oral argument schedule in two ways: First, to hear the three appeals in three sequential parts and, second, to allocate additional time to each of the parties.

**1.** The Court sensibly has ordered that these appeals be heard in a single Court session by the same panel. Given the divergence in the issues presented in each appeal, the Defendants propose that the Court hear each of the three appeals sequentially: First, from Ms. Holmes' counsel and the government on her merits appeal. Second, from Mr. Balwani's counsel and the government on his merits appeal. And third, from Ms. Holmes' counsel and the government on the consolidated restitution appeal.[3]

In other words, the Defendants request that the Court hear these three appeals as it would any other three appeals: sequentially and efficiently.

---

[3] Ms. Saharia, who is counsel of record for Ms. Holmes, will argue the Holmes merits appeal, but the Defendants intend for her colleague Patrick Looby to argue the consolidated restitution appeal on behalf of both Defendants. Mr. Looby argued restitution in the district court. Because in substance the restitution issues stand apart from the merits appeals, the Defendants respectfully propose that restitution be argued separately and third, and/or that they be permitted to divide the argument time among multiple counsel.

Under the argument schedule set by the Court, all three appeals would be heard in a single exchange of arguments, with the Defendants sharing their allocated time. In practice, that means that the Court will hear first from Ms. Holmes concerning the issues presented in her merits appeal as well as the consolidated challenge to the restitution order, followed by Mr. Balwani concerning the different issues in his merits appeal.[4] Then, the Court's attention will need to switch gears back to the Holmes trial to hear the government's response to her arguments, and once again switch forward to the Balwani trial for the government's response to his. And so on for rebuttal. That is not an efficient or manageable approach, for the Court or the parties.

**2.** The Defendants also request additional time for each side to argue these complex appeals involving massive records. As it currently stands, the Defendants would have to split 30 minutes among themselves to cover the two distinct merits appeals and the separate restitution appeal. To insure that each Defendant has sufficient time to present his or her arguments, the Defendants respectfully request that the Court allocate at least 20 minutes per side for each of the merits appeals and at least 10 minutes per side for the consolidated restitution appeal. The Defendants note that these are the only appeals scheduled for

---

[4] Mr. Balwani anticipates that the sentencing issue would be covered during Ms. Holmes' argument.

argument on June 11, so this minor proposed adjustment would not inconvenience any other litigants.

## CONCLUSION

The Defendants jointly and respectfully request that the Court grant this motion to revise the oral argument schedule as set forth above.

May 8, 2024

Respectfully submitted,

| | |
|---|---|
| */s/ Amy Mason Saharia* | */s/ Jeffrey B. Coopersmith* |
| Amy Mason Saharia | Jeffrey B. Coopersmith |
| WILLIAMS & CONNOLLY LLP | CORR CRONIN LLP |
| 680 Maine Avenue SW | 1015 Second Avenue, Fl. 10 |
| Washington, DC 20024 | Seattle, WA 98104 |
| (202) 434-5000 | (206) 501-3530 |
| asaharia@wc.com | jcoopersmith@corrcronin.com |
| | |
| *Counsel for Appellant Holmes* | *Counsel for Appellant Balwani* |

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I electronically filed the foregoing Joint Motion to Revise Oral Argument Schedule on with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

*/s/ Amy Mason Saharia*
Amy Mason Saharia
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
asaharia@wc.com

*Counsel for Appellant Holmes*