LAW OFFICES
# WILLIAMS & CONNOLLY LLP

AMY MASON SAHARIA
(202) 434-5847
asaharia@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 9, 2024

Via ECF

Molly C. Dwyer, Clerk of Court
James R. Browning Courthouse
95 Seventh Street
San Francisco, California 94103

Re: *United States v. Elizabeth Holmes*, No. 22-10312
Argument Scheduled for June 11, 2024

Dear Ms. Dwyer:

Ms. Holmes respectfully submits this letter under Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6. On May 2, 2024, an *en banc* panel of this Court held in *United States v. Lucas*, No. 22-50064, that clear-and-convincing evidence is not required for factual findings at sentencing. Ex. A at 11. Ms. Holmes' sentencing arguments on appeal (Dkt. 31 at 77-90) relied on the then-longstanding rule in this Circuit that clear-and-convincing evidence was required for factual findings with "an extremely disproportionate effect on the sentence relative to the conviction." *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). While Ms. Holmes maintains that the Due Process Clause requires the clear-and-convincing standard in the circumstances of this case, she acknowledges that *Lucas* forecloses that argument at this stage.

The Court nonetheless should remand for resentencing because the district court's findings on loss causation and number of victims do not satisfy even the preponderance-of-the-evidence standard. To prove loss causation, the government was required to prove that each investor relied upon the alleged misrepresentations in making their investment. As Ms. Holmes argued both in this Court and below, "[E]vidence of reliance—not mere review—is required to prove but-for causation." Dkt. 31 at 87; Dist. Ct. Dkt. 1642 at 31-32. The district court nevertheless "counted as victims investors who 'relied on *or reviewed*' the alleged misrepresentations." Dkt. 31 at 87-89 (quoting 1-ER-14). The district court's findings thus rested on an improper legal standard. The trial evidence did not otherwise prove reliance. Reliance was not within the scope of the jury's verdict, and "[t]he government introduced *no evidence* at trial as to the reasons why five of the ten 'victim'

WILLIAMS & CONNOLLY LLP

The Clerk of Court
May 9, 2024
Page 2

investors … purchased Theranos shares." *Id.* at 84-86. At a minimum, this Court should remand for resentencing.

Respectfully submitted,

*/s/ Amy Mason Saharia*

Amy Mason Saharia
Attorney for Appellant Elizabeth A. Holmes

cc: All Counsel of Record (by ECF)