

United States Attorney
Northern District of California

11th Floor, Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102-3495

(415) 436-7200
Fax: (415) 436-7234

August 23, 2024

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *United States v. Elizabeth Holmes*, No. 22-10312

To the Clerk of Court:

    Pursuant to Fed. R. App. P. 28(j), the government writes to bring to the Court's attention *United States v. Betro*, No. 22-1106, --- F.4th ---, 2024 WL 3811838 (6th Cir. Aug. 14, 2024) (attached). *Betro* supports the government's argument that the district court did not abuse its discretion by permitting Dr. Kingshuk Das to testify as a percipient witness providing, at most, lay opinions. Government's Answering Brief (GAB) 30–37.

    In *Betro*, four defendants were convicted of Medicare fraud related to unnecessary injections and bribing patients with opioids. 2024 WL 3811838, at *1. On appeal, the Sixth Circuit rejected a claim that three government witnesses—treating physicians who all testified as lay or percipient witnesses—should have been qualified under Federal Rule of Evidence 702. *Id.* at *8–10.

    Reviewing for abuse of discretion, the court held that the witnesses "offered opinions" based on "their own first-hand observations and treatment—not broader medical judgments." *Id.* at *10. The court provided several examples of permissible testimony, such as testimony comparing a physician's current practice with his prior experience, testimony that the opioids prescribed to patients were "excessive[,]" and testimony about injections based on the physician's understanding he learned while employed at the target clinic. *Id.* In each instance,

the physicians were testifying about their observations—even if based on their experience and training—rather than "offering medical judgments about which practice is objectively *correct*." *Id.*

So, too, here: Das testified about his first-hand observations and communications in 2016, even if based on his medical training and experience. GAB 30–37. Indeed, even when Das testified that he "found [the Edison] to be unsuitable for clinical use" (33-ER-9460), he was testifying based on what he observed at Theranos and not about an objectively correct medical judgment.

Finally, a concurring judge in *Betro* concluded that some of the testimony "crossed the line into expert testimony," but still affirmed on harmlessness grounds—echoing the government's arguments here. 2024 WL 3811838, at *14–17; GAB 37–41, 49–53.

This Court should affirm.

Respectfully,

MARTHA BOERSCH
Attorney for the United States,
Acting Under Authority Conferred By
28 U.S.C. § 515

MATTHEW M. YELOVICH
Deputy Chief, Criminal Division

*/s/ Kelly I. Volkar*
KELLY I. VOLKAR
Assistant United States Attorney

cc: All Counsel of Record (by ECF)